FILED by **BB** D.C.
ELECTRONIC

Mar. 5, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VITACOST.COM,
a Delaware Corporation,          **09-80367-CV-DIMITROULEAS/ROSENBAUM**

   Plaintiff

v.

OREGON FREEZE DRY, INC.,
an Oregon Corporation,

   Defendant
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, VITACOST.COM, INC. ("VITACOST") files this Complaint against Defendant, OREGON FREEZE DRY, INC. ("OFD") for money damages and in support states:

### JURISDICTION

1. This lawsuit is an action for monetary damages and attorney's fees based on a breach of a distribution contract by OFD with VITACOST. VITACOST is an E-commerce company that began selling OFD manufactured products to end consumers in late 2005. In the fall of 2008, OFD unilaterally mandated a Minimum Retail Price Program with VITACOST that fixed the price VITACOST could sell OFD products to the end consumer. OFD terminated its contract with VITACOST because VITACOST would not agree to fix the ultimate resale price to consumers. OFD'S "MAP" program is in violation of Federal and/or State laws.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. section 1331, in that it is a civil action arising under the laws of the United States, pursuant to 28 U.S.C. section 1332(a), in that it is a civil action between citizens of different

1

states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. section 1391(b) and (c), in that (1) the defendant does business in, and is subject to personal jurisdiction in, this District and (2) a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

4. That Plaintiff, VITACOST.COM, INC. is a Delaware corporation registered to do business in the State of Florida and maintains its corporate offices at 5400 Broken Sound Blvd NW, Suite 500, Boca Raton, FL 33487. Plaintiff, VITACOST is a discount e-retailer of dietary supplements and personal health care items to the general public.

5. Upon information and belief, Defendant, OREGON FREEZE DRY, INC. (OFD) is an Oregon Corporation registered to do business in the State of Oregon with its principal place of business at 770 SW 29TH AVENUE ALBANY, OREGON 97321. Defendant, OFD, manufacturers products for companies like VITACOST some of which are sold through third parties in and about Florida and other regions of the United States. Defendant, OFD, is bound by all Federal and State laws for manufacturing.

## *FACTUAL BACKGROUND*

6. In 2005, VITACOST became an authorized dealer of OFD products.

7. On December 19, 2005, Plaintiff, VITACOST, issued its first Purchase Order for OFD products. Over the following two (2) years, VITACOST continued to place orders with OFD. (Attached as Exhibit A is a sample of a P.O. issued on June 27, 2006).

2

8. When OFD agreed to make VITACOST a distributor of its products, Defendant, OFD, was familiar with VITACOST'S business model and knew that VITACOST was a discount e-retailer.

9. On September 6, 2007, Melanie Cornutt of OFD sent a letter to VITACOST advising that "It is now acceptable for a corporation to set a Minimum Floor Price based on a recent Supreme Court ruling this June." VITACOST would dispute the holding of the Leegin case. In this letter OFD stated that the maximum discount allowed to the end consumer was 20% off. (Attached as Exhibit B).

10. On or about October 9, 2007 VITACOST made a decision to list OFD prices as "Too low Too show" on its website and keep the fully discounted final price paid by the consumer in the shopping cart. This pricing method is consistent with other third party e-retailers who want to control MAP brands "advertised" price in the spirit of Leegin.

11. On July 17, 2008 OFD sent a letter to VITACOST advising that they were going to require all distributors including VITACOST to sign a Minimum Retail Price Agreement. (Attached as Exhibit C).

12. On or about October 16, 2008, under duress of canceling VITACOST's account, Debra Rucinski signed the Minimum Retail Price Program agreement. This agreement included language "…sold for no less than the Suggested Retail price,…). (Attached as Exhibit D).

13. After VITACOST signed this agreement they were still selling OFD products at 25% off in the "Too low Too show" format. Since VITACOST was not "advertising" the products at a discount this was deemed acceptable by OFD. (Attached as Exhibit E)

14. On or about February 5, 2009, VITACOST received notification from Jim Merryman, Senior Vice President, of OREGON terminating the dealer agreement. The reason for

3

the termination of the account was NOT that VITACOST was advertising OFD products at a discount, but that VITACOST was SELLING OFD products at a discount to the end consumer.

15. After 26 days of continuing negotiations, VITACOST is forced to bring this action.

## COUNT I. BREACH OF CONTRACT

16. Paragraphs 1-15 are hereby incorporated by reference

17. On or about December 19, 2005 OFD and VITACOST entered into a contractual agreement whereby OFD was to sell to VITACOST Mountain House products for VITACOST to sell directly to end consumers at a discounted price. This contract was memorialized in the form of Purchase Orders issued by VITACOST and filled by OFD. (See Exhibit A.).

18. OFD breached its contract with VITACOST by terminating the relationship with VITACOST in February, 2009. OFD claims that the United States Supreme Court reversed the law on price fixing and attempted to implement a price fixing policy. When VITACOST refused to raise the ultimate sales price to the end consumer, OFD stopped supplying products for re-sale.

19. OFD's breach of this contract resulted in VITACOST losing over 1 million dollars per year in gross sales.

20. As a proximate cause of OFD's breach of contract, VITACOST lost profits and incurred significant marketing losses and damage to its reputation and goodwill with its customers.

## COUNT II PROMISSORY ESTOPPEL

21. Paragraphs 1-15 are hereby incorporated by reference.

4

22.     When OFD opened an account with VITACOST in 2005, they knew that VITACOST was a discount e-retailer directly to the end consumer. OFD also knew that it would require VITACOST to spend a lot of time and money to add the OFD line of products to the website and market their products to consumers.

23.     OFD knew of VITACOST's discount selling practices and knew that VITACOST was selling their products under the "Too low Too show" shopping cart function. In fact, OFD approved this discounting practice. Even after VITACOST was required to sign the Minimum Retail Price Program Agreement, OFD continued to allow VITACOST to sell their products at a 25% discount.

24.     OFD terminated the Dealer Agreement with VITACOST in February, 2009 without notice and without cause. This termination breached the standing agreement between the two companies regarding sales practice and caused VITACOST significant monetary damages. At the time of the breach, VITACOST's sales of OFD products exceeded $94,000 per month

25.     VITACOST detrimentally relied on OFD's promises of availability to sell its products and OFD should be required to pay VITACOST for its costs associated with adding OFD products to their website and should reimburse VITACOST for lost profits as a result of OFD's failing to keep its promises to VITACOST.

**COUNT III BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

26.     Paragraphs 1-15 are hereby incorporated by reference.

27.     Both parties to any business transaction are required to be honest and fair and act in good faith.

28.     VITACOST relied on OFD's representations that it would supply VITACOST

with Mountain House products to resell to it's over 850,000 active customers. VITACOST spent a significant amount of time and money on marketing and promoting OFD's products on the VITACOST website and catalog.

29.     VITACOST was very clear to OFD that it was a discount e-retailer with a direct mail catalog business. Throughout the business relationship, the two companies negotiated that VITACOST could sell OFD products at a discount as long as the discounted price did not appear until the customer reached their shopping cart. OFD's unilateral decision to terminate the dealer agreement with VITACOST was done in bad faith.

30.     Subsequently, VITACOST proposed alternatives to OFD to avoid the ultimate termination of the dealer agreement and this lawsuit; however, OFD refused to work with VITACOST in good faith and find a solution that would be mutually acceptable. Instead OREGON simply cut off sales to VITACOST. This action was unreasonable and ultimately hurt VITACOST's customers and the end consumer. OFD's constant statements to VITACOST that "the United States Supreme Court has overturned all price fixing laws in this country" is simply untrue.

31.     OFD has a legal obligation to act honestly and reasonably when dealing with retailers like VITACOST. OFD made representations that were false in an attempt to cause VITACOST to expend time and money only to unreasonably cut off supply to VITACOST when the orders started to grow.

32.     As a result of OFD's conduct, VITACOST spent a substantial amount of money and wasted a substantial amount of time marketing the OFD products. Additionally, VITACOST has lost a significant amount of sales and lost profits, loss of goodwill, and other economic losses based on OFD's actions.

## COUNT IV -- EQUITABLE ESTOPPEL

33.     Paragraphs 1-15 are hereby incorporated by reference.

34.     Defendant, OFD, benefited from the business relationship with VITACOST as a result of their products being actively marketed on the VITACOST website and being marketed to over 850,000 of VITACOST's active customers.

35.     When OFD entered into this business relationship they knew or should have known that they would benefit significantly by VITACOST's exposure.

36.     After OFD had access to all of VITACOST's customers and exposure on its website, and after sales began to soar, OFD refused to ship the products to fill the orders and cut off any future business with VITACOST. They cited the only reason for termination was that VITACOST was re-selling OFD products at a discount to the end consumer.

37.     OFD should be equitably estopped from cutting off sales to VITACOST and benefiting from VITACOST's marketing and promotional efforts when VITACOST simply complied with the agreement reached between the two companies.

## COUNT V – DAMAGES FOR FLORIDA'S ANTITRUST VIOLATIONS

38.     Paragraphs 1-15 are hereby incorporated by reference.

39.     Section 1 of the Sherman Act and Section 5 of the Federal Trade Commission Act find certain types of vertical price fixing as anti-competitive and illegal.

40.     The Florida Antitrust Act provides for award of money damages against a person or party who unlawfully seeks to restrain fair competition and trade.

41.     VITACOST and OFD entered into a business relationship whereby VITACOST would buy Mountain House products from OFD and re-sell those products to customers on the Internet.

42. VITACOST was discriminated against in Violation of the Florida Antitrust Statutes by being cut off from obtaining product to re-sell while VITACOST's competitors were selling and continue to sell Mountain House products at a discount greater than 20%.

43. This discriminatory behavior is in direct violation with the Florida Antitrust Statutes.

44. As a result of OFD's actions, OFD has caused Plaintiff, VITACOST, to suffer substantial business loss and/or damages including reasonably anticipated loss of sales and profits, loss of customers, loss of goodwill, and other economic loss or damages to be established at trial.

## COUNT VI -- OFD'S MINIMUM RETAIL PRICE PROGRAM IS IN VIOLATION OF THE FEDERAL ANTITRUST LAWS AND FLORIDA ANTITRUST STATUTES AND SHOULD BE DEEMED UNENFORCEABLE

45. Paragraphs 1-15 are hereby incorporated by reference.

46. The Federal Trade Commission has determined that the more stringent a MAP program is the more likely it constitutes an unlawful vertical restraint against competition, under a rule of reason analysis.

47. OFD's MAP policy goes too far in restraining competition and is tantamount to price fixing. It is not an Antitrust violation to maintain a certain minimum advertised price to protect brand image; however, when the MAP program not only fixes re-sale prices but it restrains competition it is illegal and a violation of both Federal and State law. MAP programs that result in higher prices to the end consumer have been held to be unenforceable in the State of Florida.

48. When balancing the benefits to OFD against the negative effects on competition and the ultimate result in higher prices to the consumers in Palm Beach County, this Court

should grant an order invalidating OFD's Minimum Retail Price Program.

WHEREFORE, Plaintiff, VITACOST, demands judgment against Defendant, OFD, under The Florida Antitrust Act for compensatory damages, treble damages, reasonable attorneys fees and costs, as well as all other relief which the Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff, VITACOST, requests the entry of a judgment in its favor and against Defendant, OFD, as follows:

A. An Order that Defendant, OFD must resume shipping orders to Plaintiff, VITACOST;

B. An Order that Defendant, OFD'S MAP program is illegal under Florida law and unenforceable;

C. A judgment awarding Plaintiff, VITACOST monetary damages for its lost sales, profits, customers, marketing expenses and goodwill;

D. A judgment awarding Plaintiff, VITACOST its reasonable attorney's fees and costs pursuant to applicable law;

E. An award of treble damages; and

F. For such other and further relief as the Court deems appropriate.

WHEREFORE, Plaintiff, VITACOST, demands judgment against Defendant, OFD, for compensatory damages, reasonable attorney's fees and costs, as well as all other relief which the Court deems just and proper.

## JURY DEMAND

Plaintiff, VITACOST, demands trial by jury of all claims and issues in this action triable

by jury.

WHEREFORE, Plaintiff prays for judgment in excess of $1,000,000 plus costs, interest, and attorney's fees against Defendant, OREGON FREEZE DRY, INC., INC.

Dated: March 5, 2008 Boca Raton, Florida.

Respectfully submitted,

_____
Ira P. Kerker
Counsel for Plaintiff, VITACOST.com, Inc.
5400 Broken Sound Blvd
Suite 500
Boca Raton, FL 33487
PH: 561-982-4180
FX: 561-443-2627


By: s/Ira P. Kerker
IRA P. KERKER
FBN: 0991767

```
                                    541/812-6601                                    000006407

06/27/06        Net  30 DAYS         standard shipping    ALBANY           07/07/06


        MARIE MALLARD                OREGON    Ship to: VITACOST
        OREGON FREEZE DRY, INC                 2055 HIGH RIDGE ROAD
        P.O. BOX # 1048                        BOYNTON BEACH, FL 33426
        ALBANY, OR 97310




041133206570              1    CASE   Mountain House Oven 5 Uses/Kit              07/07/06    39.1500      39.15
041133531276              4    CASE   Mountain House Lasagna w/Meat 2 Servings    07/07/06    19.1700      76.68
041133531443              4    CASE   Mountain House Mexican Chicken w/Rice 2 Servings  07/07/06  20.7900  83.16
041133534475              4    CASE   Mountain House Precooked Eggs w/Bacon 1 Serving   07/07/06  14.5350  58.14
041133806947             36    EACH   Mountain House 72-Hour Emergency Meal Kit/ 1 kit  07/07/06  29.7000  1069.20




                                                                Purchase Order Total  $    1326.33

PLEASE CONFIRM BY FAX: 561-752-8897
OR EMAIL: debra@vitacost.com
AVAILABILITY AND SHIP DATE
IMPORTANT TO PLACE PO# ON ALL INVOICES
Thank you,    Debra
```

**DUPLICATE**   Page   1


EXHIBIT A

### Corporate Policy Notice – Effective September 15, 2007

September 6, 2007

Dear #10 Can Dealers,

We have noticed, and received several complaints from dealers, that some dealers are discounting Mountain House #10 cans significantly. OFD provides suggested retail pricing (SRP) and we're hopeful our dealers will maintain ongoing pricing close to the SRP. We also appreciate dealers want to promote items, but we do not believe it helps our Mountain House Brand to discount too deeply, nor continue these type of promotions for too long of a period.

In the past it has been illegal for OFD to state a corporate policy on pricing, and to be honest, we haven't wanted to get in the middle of it and wanted to leave this up to our dealers. This has worked reasonably well in the past, but with the additional dealers added in the last year or two, we've seen some situations where the discount is too low and we feel this needs to be addressed. We do not want to eliminate fair competition, but we feel it is necessary to protect the pricing structure for the long term good of the Mountain House brand.

[redacted] Some of you are probably aware of this, and there is lots of available press to be found on the Internet.

To protect the Mountain House Brand, we feel it is necessary to implement a corporate policy of a Minimum Floor Price on our standard #10 can products, effective September 15, 2007. **The maximum discount that will be allowed is 20% off our corporate SRP.** An attachment with the SRP pricing and the maximum discount pricing, by item, is attached. Again, we encourage dealers to use the SRP as their ongoing price, and this maximum discount be saved for limited period promotions or large volume or kit purchases.

If we see or receive reports of violations of this corporate policy, we will enforce it as necessary. Enforcement will include initial warnings to discontinue the violation at once, up to and including a withdrawal of their Mountain House dealer status.

I hope all of you understand our goal is to protect the pricing structure for the long term good of the Mountain House brand and to maintain fair competition between all of our dealers.

Sincerely,
Oregon Freeze Dry

*Melanie Cornutt*

Melanie Cornutt
Sales Manager


EXHIBIT B



July 17, 2008

Dear Customers:

This is an update on Oregon Freeze Dry's #10 can situation. Because sales remain high, we continue to be unable to meet all #10 can needs. OFD is allocating as much of our Production Capacity as possible to this market segment, while still allowing us to meet requirements in other markets.

Unfortunately, we cannot open sales to all previous dealers, nor are we accepting new dealers. We continue to sell allocated quantities to our long-time, largest customers/distributors.

We expect this situation to remain through most of 2009. At this point, we are not able to predict when we can open up sales to all dealers.

In addition, we feel as a company we have not been strict enough on dealer requirements, and it is important dealers are only established Preparedness Market and/or Camping related Businesses. We also intend to have a stronger Suggested Retail Pricing Program to eliminate ongoing discounts. Due to these concerns, OFD will implement two new programs:

- Wholesale Dealer Requirements
- Minimum Retail Pricing Program

Prior to reactivating each account, New and Current Dealers will be required to re-qualify based on the new program requirements.

Sincerely,
Oregon Freeze Dry, Inc.

*Melanie Cornutt*
Melanie Cornutt
Sales Manager, Retail & Private Label

525 25th Avenue S.W., Albany, Oregon 97322
P.O. Box 1048, Albany, Oregon 97321
(541) 926-6001   FAX: (541) 967-6527


EXHIBIT C



# Mountain House
# #10 Cans
**Minimum Retail Price Program**
Effective September 1, 2008

Oregon Freeze Dry requires retailers selling Mountain House products to maintain a high level of service quality, product knowledge and professionalism.

Oregon Freeze Dry has determined that resale of Mountain House products below the Suggested Retail Price has a negative impact on its goal of maintaining retailer service, quality, product knowledge and professionalism, reduces consumer satisfaction with Mountain House products and damages the image of Mountain House. Accordingly, it is the policy of Oregon Freeze Dry that Mountain House products be marketed and sold for no less than the Suggested Retail Price, except for short periodic sales and promotions, as described below.

Failure of any dealer to comply with this Minimum Retail Price Program will result in cancellation of existing orders <u>without prior notice</u> and/or termination or suspension of the dealer relationship.

Please be additionally advised:
- Mountain House staff monitors the worldwide web regularly and enforces this agreement strictly.
- Mountain House publishes the Suggested Minimum Retail Price and it is available on the Mountain House printed price list.
- This policy does not apply to product or special packs, which have been discontinued or sold as excess or over runs.

<u>Periodic Sales and Promotion Guidelines</u>:
- Maximum of 3 sales per year allowed
- A discount is not to exceed 25% off SRP
- A sale can not exceed 14 days in length
- An official "Sale Event Notice Form" must be filled out and submitted to Mountain House prior to any sale event

**ACKNOWLEDGMENT OF RECEIPT**
By signing below, you acknowledge your receipt of the Oregon Freeze Dry Minimum Retail Price Program Policy:

Account Name: _Vitacost.com_

Account Signature: _Delen G. Kuensh_

Date: _10/16/08_



EXHIBIT D

## LeeAnn Williford

**From:** Bobby Brar
**Sent:** Thursday, February 05, 2009 4:41 PM
**To:** LeeAnn Williford
**Subject:** FW: #10 cans

---

**From:** Melanie Cornutt [mailto:Melanie.Cornutt@ofd.com]
**Sent:** Thursday, October 16, 2008 5:08 PM
**To:** Bobby Brar; Christopher Myers; Debra Rucinski; Wayne Gorsek
**Cc:** Michelle Stalford; Jim Screven; Sonya Lambert
**Subject:** RE: #10 cans

Christopher, pricing looks good.

Thanks!

>>> Christopher Myers <Christopher.Myers@vitacost.com> 10/15/2008 2:50 PM >>>
The adjusted pricing is now updated on the website.

Melanie, please let me know of any discrepancies. Thanks.

Thank You,

Christopher Myers

Merchandising Manager

chrism@vitacost.com

561-982-4180 x267

5400 Broken Sound Blvd. NW

Suite 500

Boca Raton, FL 33487

1


EXHIBIT E

09-80367-CV-DIMITROULEAS/ROSENBAUM

Case 0:09-cv-80367-WPD Document 1 Entered on FLSD Docket 03/05/2009 Page 16 of 16

FILED by RRB D.C.
ELECTRONIC

Mar. 5, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as re by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  NOTICE: Attorneys MUST Indicate All Re-filed Ca

**I. (a) PLAINTIFFS**
Vitacost.com, Inc.

**DEFENDANTS**
Oregon Freeze Dry, Inc.

(b) County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Linn
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ira Kerker
5400 Broken Sound Blvd. NW
Suite: 500
Boca Raton, FL 33487

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

09CV80367 WPD/RSR

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ■ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities Employment / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO
b) Related Cases ☐ YES ☒ NO
JUDGE _____ DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Federal Antitrust Violation. Section 1 of the Sherman Act. Section 5 of the Clayton Act. Breach of Contract.

LENGTH OF TRIAL via 5-7 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 3/5/09

FOR OFFICE USE ONLY
AMOUNT 350   RECEIPT # 725511   IFP