UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80367-CIV-DIMITROULEAS

VITACOST.COM,

            Plaintiff,

vs.

OREGON FREEZE DRY, INC.,

            Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court on the defendant's Motion to Compel Answers to Interrogatories (DE 31), which was referred to United States Magistrate Judge Lurana S. Snow. The plaintiff did not file a timely response to the motion.  The complaint alleges that the defendant breached its contract with the plaintiff to sell the plaintiff's Mountain House products.

The defendant seeks responses to interrogatories 3, 4 and 5.  Interrogatory number 3 directly copies S.D.Fla. Appendix B, Standard Form Interrogatory No. 5, requesting specific information about each element of the damages claimed.[1]  Vitacost responded that it would provide the name of these claims pursuant to the deadline in the Order Setting Trial Date.

Nothing in S.D.Fla. Appendix B. Standard Form Interrogatory No. 5 asks the party to name the damage claims.  The

_____

[1]  The Court recently ordered the plaintiff to produce the documents supporting the damage claims pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii).

form interrogatory requires that the party provide specific information as set forth in the body of the interrogatory. Moreover, the Order Setting Trial Date does not provide a deadline for responding to interrogatories. Pursuant to Fed.R.Civ.P. 33(b)(2), a party must serve responses to interrogatories within 30 days after being served with the interrogatories. The interrogatories were served on May 20, 2009. The plaintiff did not object to interrogatory number 3, but failed to serve a complete response. The Court will order a complete response to interrogatory number 3.

The defendant's interrogatory number 4 asks for information related to the plaintiff's sale of Mountain House #10 can product from December 19, 2005, to the present, and interrogatory number 5 asks for information related to the plaintiff's purchase of Mountain House #10 can product from December 19, 2005, to the present. The plaintiff objected that these interrogatories seek "information outside the first set of interrogatories in Rule 16.1G."

The plaintiff's response to these interrogatories apparently refers to S.D.Fla.R. 26.1.G, which provides "Interrogatories propounded in the form set forth in Appendix B to these Local Rules shall be deemed to comply with the numerical limitations of Federal Rule of Civil Procedure 33(a)," which limits a party to 25 interrogatories. Fed.R.Civ.P. 33(a)(2) provides that

2

"[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  Fed.R.Civ.P. 26(b) permits discovery into "any nonprivileged matter that is relevant to a party's claim or defense . . .."  Neither Fed.R.Civ.P. 33 nor S.D.Fla.R. 26.1.G, limit a party to the form interrogatories in Appendix B.  Nor does either rule limit a party's first set of interrogatories to those found in Appendix B.  The Court finds that these interrogatories are relevant and discoverable under Rule 26(b), and  will order the plaintiff to respond fully to interrogatories 4 and 5.

With the Court being duly advised, it is hereby

ORDERED  and  ADJUDGED  that  the  defendant's  Motion  to Compel Answers to Interrogatories is GRANTED.  The plaintiff shall serve complete responses to Interrogatories number 3, 4 and 5 on or before August 24, 2009.

DONE AND ORDERED at Fort Lauderdale, Florida, this 13th day of August, 2009.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Ira Kerker, Esq. (P)
Thomas A. Tucker, Ronzetti, Esq. (D)
James B. Davidson, Esq. (D)
Lori Irish Bauman, Esq. (D)