## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 09-80367-CIV-DIMITROULEAS

VITACOST.COM,
a Delaware Corporation,

                Plaintiff,

v.

OREGON FREEZE DRY, INC.,
an Oregon Corporation,

                Defendant.

_____/

### DEFENDANT'S MOTION FOR SANCTIONS

Defendant, Oregon Freeze Dry, Inc. ("OFD"), moves this Court:

(1)     pursuant to this Court's inherent powers, to impose sanctions, jointly and severally, on plaintiff, Vitacost.com ("Vitacost"), and its counsel of record, who is also its Chief Executive Officer ("CEO") and Director, for their bad faith conduct in this case, in the sum of the attorneys' fees, expenses, and costs incurred by OFD in this case or, alternatively, the amount necessary to compensate OFD, vindicate the affront to the Court, and ensure that these abuses are not repeated; and

(2)     pursuant to 28 U.S.C. § 1927, to impose sanctions on plaintiff's counsel for multiplying the proceedings in this case unreasonably and vexatiously, and to require him to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred by OFD because of such conduct.

In support of this motion, OFD submits the following Memorandum of Law and Certification of James B. Davidson in Support of this Motion and related Exhibits ("Davidson

Cert."), and relies on the Certifications of James B. Davidson in Support of OFD's Motions to Compel Initial Disclosures [DE-29], Compel Answers to Interrogatories [DE-31], and Compel Production of Documents [DE-30], and all Exhibits related to those Certifications (collectively, "Discovery Certifications"), the Certification of James B. Davidson in Support of Defendant's Memorandum in Opposition to Plaintiff's Motion for Extension of Time to File an Amended Complaint and related Exhibits [DE-36] ("Extension Certification"), this Court's Order Granting Motion to Dismiss [DE-32], and the Court's file and docket.[1]

## **MEMORANDUM OF LAW**

This motion for sanctions arises out of plaintiff's business practice of filing lawsuits in this district against manufacturers "to compel them to sell products to us."

Plaintiff's business practice, which uses the courts in this district, has several steps. First, plaintiff and its counsel file a complaint with baseless "antitrust" and other claims to create the appearance of risk and the certainty of expensive defense costs. They file in this district to increase the out-of-state manufacturer's inconvenience and defense costs. They use plaintiff's CEO/Director as counsel of record to increase plaintiff's leverage by minimizing its own litigation expenses. This also could benefit plaintiff as litigation proceeds because its CEO/Director, whose fiduciary duties to his company conflict with his professional responsibilities, can then see the manufacturer's confidential information during discovery, even under an "attorneys-eyes only" protective order.

---

[1] Local Rule 7.3.A may not apply to this motion for sanctions, which is not a motion for fees pursuant to a prevailing party statute or contract provision and, therefore, is not the product of a judgment or order "that gives rise to attorneys' fees and/or costs." Local Rule 7.3.A; *c.f.*, Fed. R. Civ. P. 54 (d)(2)(E). If Local Rule 7.3 applies, OFD moves this Court, in the interest of economy and efficiency for the Court and parties, to grant OFD an extension of time for a reasonable additional time after the Court determines liability for sanctions pursuant to this motion for OFD to satisfy Local Rule 7.3.A (ii ), (iv)-(vii). If this Court does not wish to resolve the liability issues before the damages issues are presented, OFD asks this Court to allow OFD a reasonable time to supplement its motion with the expert's affidavit and additional materials required by Local Rule 7.3.A (ii ), (iv)-(vii).

Then, in this case, plaintiff and its counsel/CEO/Director multiplied the proceedings with their bad faith conduct to further increase the manufacturer's defense expenses. After serving written discovery requests, they did nothing during discovery and related motion practice, while the manufacturer continued to incur defense expenses. In this case, they failed to comply with Rule 26 initial disclosure requirements, served bad faith discovery responses, forced motions to compel, failed to respond to those motions, refused to address the protective order issue created by plaintiff's counsel/CEO/Director's multiple role, needlessly delayed the litigation, refused to communicate or cooperate with opposing counsel, and misled the Court and OFD's counsel. In the end, they voluntarily dismiss when the manufacturer's defense costs do "compel them to sell products to us" or when a manufacturer, like OFD, finally stands up to them, bears the expense, and successfully defends.

This Court should sanction plaintiff and its counsel/CEO/Director for their bad faith conduct throughout this case to compensate OFD, vindicate the affront to this Court, and deter their abuse of judicial process in this district.

## I.    STANDARD OF REVIEW

The Court may entertain motions for sanctions pursuant to its inherent powers and under 28 U.S.C. § 1927 after the entry of judgment. *Carlson v. Bosem*, 2007 WL 1496693, *4 (S.D.Fla. April 9, 2007); *citing, Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991)(Supreme Court affirmed district court's award of sanctions of almost $1 million in attorneys' fees and expenses under inherent powers after judgment had been entered); *see Bolivar v. Pocklington,* 975 F.2d 28, 31 (1st Cir. 1992)(voluntary dismissal without prejudice does not preclude sanctions under §1927).

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses and attorneys' fees reasonably incurred because of such conduct."  There is a split in authority as to whether Section 1927 permits sanctions for the filing of the initial pleading. *Compare Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997)(§1927 sanctions include excess costs resulting from initial filing) *with In re Keegan Mgmt Co. Sec. Litig.*, 78 F. 3d 431, 435 (9th Cir. 1996)(§1927 sanctions do not apply to initial pleading).

The Court also has inherent powers, which it uses with both abundant caution and discretion, "to fashion an appropriate sanction for conduct which abuses the judicial process." *Carlson*, 2007 WL 1496693 at *4-5, *citing, Chambers,* 501 U.S. at 44-45.  Absent such power, the Court would be impotent to manage the expeditious disposition of its docket, enforce its orders, and guard the integrity of its proceedings.  *Id.* at 45; *see Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 504-505 (3d Cir. 1991)(courts have inherent power to sanction both litigants and attorneys to regulate the docket, promote judicial efficiency, and deter abuse of judicial process). Sanctions under the court's inherent power are not limited to "excess" costs or fees; the court may impose the amount of sanctions necessary to compensate the innocent party, vindicate the affront to the Court, and ensure that these abuses are not repeated. *Chambers,* 501 U.S. at 56-57 (Supreme Court affirmed award of sanctions for all of opposing party's fees and expenses).

In this Circuit, the standard for finding that a party has acted unreasonably and vexatiously under the Court's inherent power and Section 1927 is identical – a "finding of bad faith." *Carlson*, 2007 WL 1496693 at *4, 6, *citing, Barnes v. Dalton,* 158 F.3d 1212, 1214 (11th Cir.1998)("[t]he key to unlocking a court's inherent power is a finding of bad faith"); *Stewart v. City of Chicago,* 622 F. Supp. 35, 37 (N.D. Ill. 1985).  The proper legal standard for a district court to impose sanctions against an attorney is a finding of objective bad faith. *Id.* at *6, *citing, Amlong & Amlong, P.A. v. Denny's, Inc.,* 457 F.3d 1180, 1191 (11th Cir. 2006), *amended*, 500

732396/1/JBD/051931-0059

F.3d 1230 (11th Cir. 2007)("objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently"). The bad faith standard turns:

> not on the attorney's subjective intent, but on the attorney's objective conduct. The term "unreasonably" necessarily connotes that the district court must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term vexatiously similarly requires an evaluation of the attorney's objective conduct.

*Id.* at *6, *citing, Amlong,* 457 F.3d at 1190.

Thus, sanctions are appropriate for a party's or counsel's bad faith conduct, including, for example:

- Filing frivolous pleadings (*Chambers,* 501 U.S. at 51-52 (inherent power))

- Filing nonfrivolous filings intended to harass (*In re Keegan Mgmt Co. Sec. Litig.,* 78 F. 3d at 436)(inherent power))

- Refusing to comply with Rule 26 and provide initial disclosures (*Carlson*, 2007 WL 1496693 at *7-9 (inherent power and §1927))

- Refusing to communicate with opposing counsel (*Carlson,* 2007 WL 1496693 at *7-9 (inherent power and §1927))

- Refusing to cooperate with opposing counsel (*Reg'l Transp. Auth. v. Gruman Flexible Corp.,* 532 F. Supp. 665, 667-668 (N.D. Ill. 1982)(lawyer's responsibility in dealing with his fellow lawyer is to avoid "needless effort")(§1927))

- Continuing proceedings after their lack of merit becomes apparent (*Edwards v., General Motors Corp*., 153 F.3d 242, 246-247 (5th Cir. 1998)(§1927); *see Stewart,* 622 F. Supp. at 37 (§1927))

- Delaying the litigation (*Chambers,* 501 U.S. at 45-46 (inherent power))

- Dilatory tactics during discovery (*Lipsig v. Nat'l Student Mktg. Corp,* 663 F.2d 178, 181 (D.C. Cir. 1980)(inherent power))

- Consistently failing to meet filing deadlines (*Lipsig,* 663 F.2d at 181 (inherent power))

- Misleading the court (*B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1106 (9th Cir. 2002) (inherent power and §1927); *Lipsig v. Nat'l Student Mktg. Corp,* 663 F.2d 178, 181 (D.C. Cir. 1980)(inherent power));

- Failing to disclose to the court or defense counsel the decision to abandon a meritless suit, but keeping it alive to extort a settlement (*Edwards*, 153 F.3d at 247 (§1927))

In *Carlson*, the Court found that an attorney's conduct deviated from both an objective standard of reasonableness and what this Court and the bar in general accept as tolerable conduct.  The contributing factors in that case included the attorney's refusal to comply with Rule 26 and provide initial disclosures and his refusal to communicate with opposing counsel. *Carlson*, 2007 WL 1496693 at *7-9, *citing,* Florida Bar Rule 4-3.2.

## II.    PLAINTIFF AND ITS COUNSEL/CEO/DIRECTOR COMMITTED SANCTIONABLE BAD FAITH CONDUCT

### A.    The Business Practice

In March 2009, plaintiff, a "discount e-retailer" and former distributor of OFD's products, filed a Complaint that purported to plead contract, equitable, and antitrust claims against OFD. Complaint ("Compl.").  It is Vitacost's business practice to file these lawsuits against manufacturers "to compel them to sell products to us."  Vitacost's Amendment 4 to Form S-1 as filed with the SEC on July 28, 2009 ("Vitacost's 7/28/09 S-1A")[2] at 67; *see, e. g., Vitacost.com, Inc. v. Sun Water Sys., Inc.,* Case No. 9:08-cv-80612-KAM; *Vitacost.com, Inc. v. Aerogrow Int'l, Inc.,* Case No. 9:08-cv-80330-KLR;  *Vitacost.com, Inc. v. Nordic Naturals, Inc.,* Case No. 9:06-cv-80242-WJZ; *see also Vitacost.com, Inc. v. Gaia Herbs, Inc.,* 2007 WL 951768 (S.D. Fla. 2007).[3]

---

[2] http://www.sec.gov/Archives/edgar/data/1401688/000119312509157076/ds1a.htm
[3] Pursuant to Fed. R. Evid. 201, OFD asks this Court to take judicial notice of these previous Vitacost cases, which plaintiff quickly dismissed, in this district.  *See Fox Valley Const. Workers Fringe Benefit Funds v. Pride of the Fox Masonry & Expert Restorations,* 140 F.3d 661, 667 (7th Cir. 1998) (sharp practices in representing same client in earlier lawsuit admissible to show attorney's intent to unreasonably and vexatiously delay present proceedings).

## B.      The Complaint

Although plaintiff's contract claims were based on its purchase orders creating a perpetual, non-terminable contract, these claims were directly contrary to the Uniform Commercial Code and the case law.  Although plaintiff alleged promissory estoppel and equitable estoppel claims, they were precluded by written contracts as a matter of law and, as a matter of law, equitable estoppel is a defense, not a claim.  Although plaintiff alleged antitrust claims under the Sherman Act Section 1 prohibition against an agreement in restraint of trade, plaintiff admitted in its Complaint that there was no agreement.  Compl.; *see* Defendant's Motion to Dismiss [12]; Order Granting Motion to Dismiss [32].  Although plaintiff alleged that it "dispute[s] the holding of the <u>Leegin</u> case," the law is what the Supreme Court says it is.  Compl., ¶ 9; *Leegin Creative Prod., Inc. v. PSKS, Inc.,* 551 U.S. 877 (2007); *Act Up/Portland v. Bagley*, 988 F.2d 868, 882 (9th Cir 1993)(the law is what the Supreme Court says it is).

Two years ago, Judge Middlebrooks of this district dismissed one of Vitacost's "antitrust" cases against a manufacturer, specifically told Vitacost and its counsel: "The Eleventh Circuit has previously held that a product manufacturer may unilaterally announce its resale prices without committing an antitrust violation" and "[a] manufacturer of course generally has a right to deal, or refuse to deal, with whomever he likes, as long as it does so independently," and held that without a specific allegation of an agreement to set prices, Vitacost does not allege a price fixing scheme.  *Gaia Herbs,* 2007 WL 951768, at *4-5 (*quoting De Long Equip. Co.,* 887 F.2d at 1506).  They knew this, but later filed their baseless Complaint against OFD anyway.

This Court dismissed all of  plaintiff's claims on July 21, 2009.  Order Granting Motion to Dismiss [DE-32].

732396/1/JBD/051931-0059

### C.     Discovery

In the meantime, plaintiff and its counsel obstructed discovery and failed to comply with court rules. Discovery Certifications; Davidson Cert., ¶¶ 2-3, 6, 12-14, 17. They failed to comply with their first discovery obligation – Rule 26 initial disclosure requirements. *See* OFD's Motion to Compel Initial Disclosures [29]; Order Granting Motion to Compel Initial Disclosures [38]. They then failed to comply with Rule 33. *See* OFD's Motion to Compel Answers to Interrogatories [31]; Order Granting Motion to Compel Answers to Interrogatories [39]. Instead, they mischaracterized the information sought in OFD's Interrogatories, asserted a Court scheduling "deadline" that this Court did not set, refused to answer Standard Form Interrogatories (First Set of Rule 26.1G Initial Interrogatories) on the ground that Standard Form Interrogatories did not have to be answered, and then refused to answer non-Standard Form Interrogatories on the ground that only Standard Form Interrogatories had to be answered. *See* OFD's Motion to Compel Answers to Interrogatories [DE-31]; Order Granting Motion to Compel Answers to Interrogatories [DE-39]. They then failed to comply with Rule 34, asserting bad faith objections to OFD' Request for Production of Documents. *See* OFD's Motion to Compel Production of Documents [DE-30]; Discovery Certifications.

Their bad faith in discovery was so rampant that they objected to producing documents "pertaining to the subject matter of this case," which they filed, or relating to plaintiff's lost profits damages, which they claimed, asserting they were "irrelevant." *See* OFD's Motion to Compel Production of Documents, including Plaintiff's Response to OFD's Request for Production Nos. 19–29, 45, 48, and 51-53 [DE-30].

Plaintiff's and its counsel's bad faith in discovery forced OFD to file and brief three motions to compel. *See* OFD's Motions to Compel Initial Disclosures, Answers to

732396/1/JBD/051931-0059

Interrogatories, and Production of Documents[DE-29-31]; Discovery Certifications; Davidson

Cert., ¶¶ 2, 3, 13, 14.  Although they voluntarily dismissed the case before the Court ruled on

OFD's Motion to Compel Production of Documents, they forced the Court to spend time

reviewing and ruling on the first two motions to compel. *See* Order Granting Motion to Compel

Initial Disclosures [38]; Order Granting Motion to Compel Answers to Interrogatories [DE-39].

### D.    Protective Order

As part of their business practice, plaintiff and its counsel created a serious issue as to a

protective order, then refused to address that issue.  Davidson Cert., ¶¶ 6, 12, 17, Exhibits 1, 2, 6,

7.  Because they put plaintiff's counsel in the multiple roles of counsel of record, CEO, and

Director, he had impermissibly conflicting fiduciary and professional duties in the context of a

protective order.[4]  The pivotal issue was that plaintiff's only counsel of record could not be

permitted to see OFD's trade secrets or other confidential information or documents because he

was also the CEO and Director of plaintiff, which is OFD's competitor. For three months, OFD's

counsel unsuccessfully tried to get plaintiff's counsel to communicate about and resolve this

---

[4] *Court Docket; Compl. (counsel of record); Vitacost's 7/28/09 S-1A at 69, 70 (CEO and Director); see, e.g., U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)(when opposing parties are commercial competitors, risk that disclosure will be harmful is exacerbated when a party's counsel is in-house); *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980)("it is very difficult for the human mind to compartmentalize and selectively suppress information once learned"); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470-1471 (9th Cir. 1992)(attorney/competitive decision-maker's access to opposing party's discovery must be restricted by protective order; an attorney/competitive decision-maker is unable use opposing party's confidential documents without inadvertently using those documents to inform future competitive decisions); *Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co.*, No. 5:03CV165, slip op. at 5 (N.D.N.Y. Apr. 24, 2003)(restrictive protective order is necessitated when discovery includes competitive information that, if misused, would place the disclosing party at a competitive disadvantage, and that protective order is designed to prevent conflict between attorney's fiduciary duty to his corporation and his ethical duty to the court); *Sony Computer Ent. Am., Inc. v. NASA Elecs. Corp.*, 249 F.R.D. 378, 383 (S.D. Fla. 2008) (in-house counsel who works in corporate governance is involved in competitive decision-making, and it is untenable for counsel to mentally compartmentalize confidential information learned in discovery, so counsel's access to "attorneys' eyes only" documents was restricted); *Cohen v. Hattaway*, 595 So. 2d 105, 107 (Fla. App. 1992)( Corporate officers and directors have fiduciary duty to act in the best interest of their corporation); *Flight Equip. & Engin. Corp. v. Shelton*, 103 So. 2d 615, 626 (Fla. 1958)(CEOs bound to act with fidelity and utmost good faith as to their corporation); *Bates v. Dresser*, 251 U.S. 524, 530-31 (1920)(CEOs bound to a heightened fiduciary duty to their corporation); *but see The Florida Bar v. Broome*, 932 So. 2d 1036, 1041 (Fla. 2006)(attorneys have ethical duty to the court); *see also, e.g., Sony Computer*, 249 F.R.D. at 383 (in-house counsel prohibited from viewing confidential documents; party compelled to rely on outside counsel); *Autotech Tech. Ltd. Partn. v. Automationdirect.com, Inc.*, 237 F.R.D. 405, 410, 414 (N.D. Ill. 2006)(party had to hire outside counsel).

protective order issue. *Id.* Finally, in a July 30, 2009, letter to plaintiff's counsel, OFD's counsel imposed an August 6, 2009, response deadline to avoid having to seek court action. Plaintiff's counsel never responded. Davidson Cert., ¶ 6, Exhibits 1, 2. In August 7, 2009, letter to plaintiff's counsel about the protective order issue, OFD's counsel said, in part:

> Vitacost has done nothing as to this issue. Vitacost's non-responsiveness on this issue is consistent with its non-responsiveness throughout this case. I tried to confer with you for a long time regarding Vitacost.com's inadequate discovery responses, but you never returned my letters, e-mails or telephone calls. . . .
>
> You and Vitacost are hereby on notice that OFD will file a motion for a protective order.

Plaintiff's counsel never responded to that letter. Davidson Cert., ¶ 12, Exhibits 6, 7. Plaintiff's counsel never advised the Court or OFD's counsel that they were even contemplating a voluntary dismissal of the case. Davidson Cert., ¶ 15. Consequently, OFD's counsel began to draft and brief a motion for a protective order. Davidson Cert., ¶ 12, 15.

### E.      The End Game

When this Court dismissed plaintiff's claims, it granted plaintiff the right to amend on or before August 7, 2009. Order Granting Motion to Dismiss [DE-32]. On August 4, 2009, the parties' counsel finally had a telephone conference, during which plaintiff's counsel said that he was filing an amended complaint and then tried to extract a settlement. Extension Certification; Davidson Cert., ¶ 9. When he requested an agreement to an extension of time, OFD's counsel said that plaintiff's conduct in this case "as explained in detail in my August 3, 2009, letter about Rule 11," forced OFD to oppose the extension. *Id.* That 4-page letter discussed, in detail: (1) plaintiff's strategy to create economic pressure by needlessly increasing OFD's cost of litigation, while plaintiff uses its CEO as its counsel of record to save money and have its CEO see OFD's "attorneys-eyes only" trade secrets and competitive information in discovery so plaintiff can

732396/1/JBD/051931-0059

better compete with OFD; and (2) plaintiff's unacceptable conduct, including baseless claims, needless delay, unreasonable discovery positions, failure to respond to requests to confer, forcing OFD to file a motion to dismiss and three motions to compel, creating the protective order issue, and causing that issue to drag on for three months. Davidson Cert., ¶ 9, Exhibit 4.

On August 5, 2006, plaintiff and its counsel filed a motion for a 30-day extension of time to file an amended complaint. Plaintiff's Motion for Extension [DE-33 ]. However, they failed to attach the Certification required by Local Rule 7.1.A.3 and falsely implied that OFD had agreed to the extension. After this Court ordered them to comply with Local Rule 7.1.A.3, they admitted that OFD's counsel "stated he would not agree to the extension," but misrepresented that OFD's counsel "did not offer any grounds for an opposition to this motion." Plaintiff's Motion for Extension [DE-33 ]; Court Order Requiring Compliance With Local Rule 7.1.A.3 [DE-34]; Plaintiff's Reply to that Order [DE-35]. As a result of their misrepresentations, OFD was forced to draft and file an Opposition to Plaintiff's Motion and supporting Certification [DE-36]; Order Granting In Part Motion for Extension of Time [DE-37].

On August 6, 2009, this Court denied plaintiff's motion for a 30-day extension of time and granted plaintiff until August 13, 2009, to file an amended complaint. Order Granting In Part Motion for Extension of Time [DE-37]. Plaintiff and its counsel never told the Court or OFD's counsel that they intended to abandon the case. Davidson Cert., ¶¶ 5, 9, 15. Instead, they let OFD be misled by both plaintiff's counsel's statement that he was filing an amended complaint and plaintiff's motion for an extension, so that OFD's counsel continued to draft a motion for protective order, draft and serve a lengthy request for admissions, draft and send letters and emails to plaintiff's counsel, and otherwise defend the case. Davidson Cert., ¶¶ 5-15. On the last possible day, August 13, 2009, they voluntarily dismissed the case without prior notice, to

either this court or OFD, of their intent to dismiss.  Davidson Cert., ¶¶ 11, 15; Plaintiff's Notice of Voluntary Dismissal [DE-40].

### F.       Failure To Meet Deadlines

Throughout this case, plaintiff and its counsel failed to meet deadlines.  They failed to meet the Court's deadlines for responding to any of OFD's three motions to compel. (They never responded to any of them.)  They failed to meet OFD's final deadline for communicating to resolve the protective order issue.  They failed to meet the Court's deadlines for filing an amended complaint.  Order Granting Motion to Dismiss [DE-32]; Order Granting In Part Motion for Extension of Time [DE-37]; Discovery Certifications; Extension Certification; Davidson Cert.; *see* Court Docket.

### G.       Failure To Communicate Or Cooperate

They also refused to communicate or cooperate with OFD's counsel.  They forced OFD's counsel to make telephone calls and draft and send numerous e-mails and letters to try to communicate with plaintiff's counsel to resolve issues and avoid court action.  They then refused to respond.  As a result, OFD's counsel attempted additional communications to try to get them to communicate about and resolve outstanding issues.  They still refused to respond.  This directly resulted in additional expense, delay, and Court action.  At the end, they not only failed to communicate their intent not to file an amended complaint, they misrepresented to OFD's counsel that they would amend, and they misled the Court and OFD by moving for an extension to file an amended complaint.  This caused additional unnecessary expense as OFD continued to defend the case.  When their last minute effort to extort a settlement failed, they voluntarily dismissed the case**.**  Discovery Certifications; Extension Certification; Davidson Cert., ¶¶ 2-3, 5-10, 12-15, 17; *see* Notice of Voluntary Dismissal [DE-40].

## H.    Delay

Plaintiff's and its counsel's bad faith conduct, including their obstruction of discovery, refusal to resolve the protective order issue, misleading motion for an extension of time to file an amended complaint they were not going to file, and refusal to communicate or cooperate with OFD's counsel, caused needless delay in this case.    Discovery Certifications; Extension Certification; Davidson Cert.    Contrary to the intent of Rules 26, 33, and 34, although months passed, they never produced any documents or information pursuant to OFD's discovery requests or this Court's orders granting motions to compel.[5]    Discovery Certifications; Davidson Cert., ¶¶ 2, 3, 6, 12, 13, 14, 17.

## III.    CONCLUSION

Viewing the conduct of plaintiff and its counsel/CEO/Director on an act-by-act basis, both of them should be liable to pay all of OFD's reasonable fees and expenses as sanctions under the Court's inherent power, and plaintiff's counsel should have to pay those fees and expenses as sanctions under Section 1927, for their following bad faith acts in this case:

- Filing frivolous pleadings (*Chambers,* 501 U.S. at 51-52 (inherent power)) or, alternatively, filing nonfrivolous filings intended to harass (*In re Keegan Mgmt Co. Sec. Litig.*, 78 F. 3d at 436)(inherent power))

- Refusing to comply with Rule 26 and provide initial disclosures (*Carlson*, 2007 WL 1496693 at *7-9 (inherent power and §1927))

- Refusing to communicate with opposing counsel (*Carlson*, 2007 WL 1496693 at *7-9 (inherent power and §1927))

- Refusing to cooperate with opposing counsel (*Reg'l Transp. Auth. v. Gruman Flexible Corp.,* 532 F. Supp. 665, 667-668 (N.D. Ill. 1982)(lawyer's responsibility in dealing with his fellow lawyer is to avoid "needless effort")(§1927))

---

[5] In Plaintiff's Response to OFD's Request for Production of Documents, plaintiff and its counsel agreed to produce certain limited documents only after the entry of a protective order, but they then consistently refused to resolve the protective order issues and produced no documents.  Davidson Cert., ¶ 17.

- Dilatory tactics during discovery (*Lipsig v. Nat'l Student Mktg. Corp,* 663 F.2d 178, 181 (D.C. Cir. 1980)(inherent power))

- Delaying the litigation (*Chambers,* 501 U.S. at 45-46 (inherent power))

- Consistently failing to meet filing deadlines (*Lipsig,* 663 F.2d at 181 (inherent power))

- Continuing proceedings after their lack of merit becomes apparent (*Edwards v., General Motors Corp*., 153 F.3d 242, 246-247 (5th Cir. 1998)(§1927); *see Stewart,* 622 F. Supp. at 37 (§1927))

- Misleading the court (*B.K.B. v. Maui Police Dept*., 276 F.3d 1091, 1106 (9th Cir. 2002) (inherent power and §1927); *Lipsig v. Nat'l Student Mktg. Corp,* 663 F.2d 178, 181 (D.C. Cir. 1980)(inherent power));

- Failing to disclose to the court or defense counsel the decision to abandon a meritless suit, but keeping it alive to extort a settlement (*Edwards*, 153 F.3d at 247 (§1927))

Viewed in its entirety, plaintiff's and its counsel's conduct was in bad faith, unreasonable, vexatious, and deviated from an objective standard of reasonableness and from what the courts and the bar accept as tolerable conduct. From start to finish, their business practice of using the courts in this district to create and inflate defense costs "to compel them to sell products to us" is a bad faith scheme. Their entire scheme consisted of bad faith conduct - from baseless claims through bad faith discovery, and from refusal to communicate or cooperate through voluntary dismissal only *after* their Complaint was dismissed, they misled opposing counsel and the Court, and they made a final attempt to extort a settlement.

All fees and expenses OFD incurred in this case resulted from the bad faith conduct of plaintiff and its counsel/CEO/Director. This Court should sanction them in the sum of those fees and expenses to compensate OFD, vindicate the affront to this Court, and deter their abuse of judicial process in this district.

OFD asks this Court for the following relief:

1.      Pursuant to this Court's inherent powers, (a) find that plaintiff and its counsel acted in bad faith, unreasonably, and vexatiously, and (b) impose sanctions on them, jointly and severally, in the sum of the fees and costs incurred by OFD in this case or, alternatively, the amount necessary to compensate OFD, vindicate the affront to the Court, and ensure that these abuses are not repeated; and

2.      Pursuant to 28 U.S.C. § 1927, (a) find that plaintiff's counsel multiplied the proceedings in this case unreasonably and vexatiously, and (b) order him to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred by OFD because of such conduct.

Dated: September 14, 2009                           Respectfully submitted,

James B. Davidson, Esq., *Pro Hac Vice*        Kozyak Tropin & Throckmorton, P.A.
jbd@aterwynne.com                              Counsel for Defendant Oregon Freeze Dry, Inc.
Lori Irish Bauman, Esq., *Pro Hac Vice*        2525 Ponce de Leon, 9th Floor
lib@aterwynne.com                              Coral Gables, FL 33134
Ater Wynne LLP                                 Telephone: 305-372-1800
Co-counsel for Defendant
1331 NW Lovejoy St., Suite 900                 By: s/ Thomas A. Tucker Ronzetti
Portland, OR 97209
Telephone: 503-226-1191                            Thomas A. Tucker Ronzetti, Esq.
                                                   Florida Bar No. 965723
                                                   tr@kttlaw.com
Attorneys for Defendant Oregon Freeze
Dry, Inc.                                      Attorneys for Defendant Oregon Freeze Dry, Inc.

732396/1/JBD/051931-0059

## CERTIFICATION OF JAMES B. DAVIDSON
## IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

James B. Davidson hereby certifies as follows:

1.      I am one of the counsel of record of Oregon Freeze Dry, Inc. ("OFD"), the defendant in this case.  I am a partner of Ater Wynne LLP.  I practice from our firm's Portland, Oregon office.  I am over 21 years of age, and I have personal knowledge of the facts stated in this Certification.

2.      I unsuccessfully attempted, many times, in good faith to confer with Ira Kerker, the counsel of record for Vitacost.com, the plaintiff in this case, about discovery disputes OFD had as to Vitacost.com's discovery responses, including its initial disclosures, answers and objections to OFD's Interrogatories, and responses and objections to OFD's Request for Production of Documents, and as to plaintiff's request for an agreement to an extension of time to file an amended complaint in this case.  The facts relating to those matters are contained in the previously filed Certifications of James B. Davidson in Support of OFD's Motions to Compel Initial Disclosures [DE-29], Compel Answers to Interrogatories [DE-31], and Compel Production of Documents [DE-30] and related Exhibits, and Certification of James B. Davidson in Support of Defendant's Memorandum in Opposition to Plaintiff's Motion for Extension of Time to File an Amended Complaint and related Exhibits [DE-36].

3.      As of the end of the day on July 20, 2009, OFD's Motion to Dismiss plaintiff's Complaint and OFD's three Motions to Compel were pending before this Court.  Plaintiff and its counsel did not respond to any of those Motions to Compel by the response deadline provided under the rules.  They never responded to any of those motions to compel.  Plaintiff's counsel never returned any of my telephone calls, e-mails or letters attempting to confer with him to try to resolve outstanding discovery disputes.

732396/1/JBD/051931-0059

4.      On July 21, 2009, this Court entered its Order Granting Motion to Dismiss [DE-32], in which the Court dismissed all of plaintiff's claims and granted plaintiff until August 7, 2009, to file an amended complaint.

5.      Plaintiff and its counsel never gave any advance notice to OFD or OFD's counsel that they intended to voluntarily dismiss this case.  In fact, as appears below, on August 4, 2009, plaintiff's counsel expressly told me that they were going to file an amended complaint.  As a result, all of OFD's counsel continued to do all work necessary to defend this case.

6.      On July 30, 2009, I mailed and e-mailed a letter to plaintiff's counsel regarding the outstanding protective order issue.  Copies of my July 30, 2009, letter and my assistant's e-mail to plaintiff's counsel are attached to this Motion, respectively, as Exhibits 1 and 2.  In that letter, I discussed the issue and plaintiff's counsel's 3-month failure to respond as to this issue, and I imposed an August 6, 2009, response deadline to avoid having to seek court action.  Plaintiff's counsel never responded to that letter or as to the protective order issue.

7.      On July 31, 2009, I served on Defendant's First Set of Requests for Admission to Plaintiff, Vitacost.com, which contained 58 requests for admission.  A copy of Defendant's First Set of Requests for Admission to Plaintiff, Vitacost.com is attached to this Motion as Exhibit 3.

8.      On August 3, 2009, I mailed and e-mailed a letter to plaintiff's counsel regarding Rule 11.  Copies of my August 3, 2009, letter and my assistant's e-mail to plaintiff's counsel are attached to this Motion, respectively, as Exhibits 4 and 5.

9.      On August 4, 2009, Lori Bauman and I finally had a telephone conference with plaintiff's counsel, in which he told us that he was going to file an amended complaint, and he then unsuccessfully discussed settlement of this case.  Plaintiff's counsel then asked us to agree to a 30-day extension to file Vitacost.com's amended complaint.  As discussed in greater detail

732396/1/JBD/051931-0059

in Defendant's Memorandum in Opposition to Plaintiff's Motion for Extension of Time to File an Amended Complaint and my related my Certification [DE-36], I told plaintiff's counsel that said that plaintiff's conduct in this case "as explained in detail in my August 3, 2009, letter about Rule 11," forced OFD to oppose the extension.  As appears from Exhibit 4 attached to this Certification, my 4-page August 3, 2009, letter discussed, in detail: (1) Rule 11; (2) plaintiff's strategy to create economic pressure by needlessly increasing OFD's cost of litigation, while plaintiff uses its CEO as its counsel of record to save money and have its CEO see OFD's "attorneys-eyes only" trade secrets and competitive information in discovery so plaintiff can better compete with OFD; and (3) plaintiff's unacceptable conduct, including baseless claims, needless delay, unreasonable discovery positions, failure to respond to requests to confer, forcing OFD to file a motion to dismiss and three motions to compel, creating the protective order issue, and causing that issue to drag on for three months.

10.     On August 5, 2009, plaintiff's counsel filed Plaintiff's Motion for Extension of Time to File an Amended Complaint [DE-33].  As explained in greater detail in Defendant's Memorandum in Opposition to Plaintiff's Motion for Extension of Time to File an Amended Complaint and my related my Certification [DE-36], plaintiff and its counsel failed to attach to their motion for a 30-day extension of time the Certification required by Local Rule 7.1.A.3 and falsely implied that OFD agreed.  After this Court entered its Court Order Requiring Compliance With Local Rule 7.1.A.3 [DE-34], which ordered them to comply with Local Rule 7.1.A.3, they filed Plaintiff's Reply to that Order [DE-35], which admitted that OFD's counsel "stated he would not agree to the extension," but misrepresented that OFD's counsel "did not offer any grounds for an opposition to this motion."  As a result of their misrepresentations, OFD was

forced to draft and file Defendant's Memorandum in Opposition to Plaintiff's Motion for Extension of Time to File an Amended Complaint and supporting Certification [DE-36].

11.    On August 6, 2009, this Court entered an Order Granting in Part Motion for Extension of Time [DE-37], which granted plaintiff until August 13, 2009, to file an amended complaint.

12.    On August 7, 2009, as a follow up to my July 30, 2009, letter to plaintiff's counsel about the outstanding protective order issue, I mailed and e-mailed a letter to plaintiff's counsel that again discussed the issue and notified him that OFD was going to file a motion for a protective order.  In that letter, I again tried to communicate with plaintiff's counsel about the protective order issue and said, in part:

> August 6, 2009, has come and gone.  Vitacost has done nothing as to this issue.  Vitacost's non-responsiveness on this issue is consistent with its non-responsiveness throughout this case. I tried to confer with you for a long time regarding Vitacost.com's inadequate discovery responses, but you never returned my letters, e-mails or telephone calls.  As a result, there currently are three OFD motions to compel pending before the Court.  Lori Bauman and I both attempted to confer with you to resolve the protective order issue, but, because Vitacost failed to deal with this pivotal issue, it has dragged on for over three months.  Now, Vitacost has also ignored both my formal request to confer and the August 6, 2009, deadline in my July 30, 2009, letter.
>
> Vitacost's non-responsiveness has forced OFD to seek court action.  You and Vitacost are hereby on notice that OFD will file a motion for a protective order.  If, before we file that motion, you conduct the necessary research and revise the draft protective order that Ms. Bauman sent you with language that appropriately resolves the pivotal issue, please send it to Lori or me immediately.

Copies of my August 7, 2009, letter and my assistant's e-mail to plaintiff's counsel are attached to this Motion, respectively, as Exhibits 6 and 7.  Plaintiff's counsel never responded to that letter.  Consequently, I began to draft and brief a motion for a protective order.

13.     On August 10, 2009, this Court entered its Order granting OFD's Motion to Compel Initial Disclosures [DE-38], which gave plaintiff until August 20, 2009, to supplement its initial disclosures.  Plaintiff never supplemented its initial disclosures, and plaintiff's counsel never discussed the issues as to plaintiff's initial disclosures with OFD's counsel.

14.     On August 13, 2009, this Court entered its Order granting OFD's Motion to Compel Answers to Interrogatories [DE-39], which gave plaintiff until August 24, 2009, to serve complete responses to OFD's Interrogatories 3, 4 and 5.  Plaintiff never served any further responses to any OFD Interrogatories, and plaintiff's counsel never discussed the issues as to plaintiff's Answers to Interrogatories with OFD's counsel.

15.     On August 13, 2009, without prior notice to the Court or OFD's counsel, plaintiff filed its Notice of Voluntary Dismissal Without Prejudice [DE-40].  Because plaintiff's counsel had told OFD's counsel that plaintiff was going to file an amended complaint, because he never told OFD's counsel that he and plaintiff were even contemplating a voluntary dismissal, and because plaintiff had filed a motion for an extension of time to file an amended complaint, OFD and I believed that plaintiff would file an amended complaint.  As a result, all of OFD's counsel continued to defend this case.

16.     On August 14, 2009, this Court entered its Final Order of Dismissal Without Prejudice [DE-41].

17.     Plaintiff never produced any documents to OFD in this case.  In its Response to OFD's Request for Production of Documents, plaintiff agreed to produce certain limited documents only after the entry of a protective order, but plaintiff and its counsel then consistently refused to resolve the protective order issues.

732396/1/JBD/051931-0059

18.     Pursuant to Local Rule 7.1.A.3, OFD's counsel attempted to confer with plaintiff's counsel in a good faith effort to resolve by agreement the issues to be raised in this Motion for Sanctions.  On September 11, 2009, I sent to plaintiff's counsel two e-mails to give plaintiff and its counsel advance notice of this Motion and to provide a copy of the Motion.  I asked that he telephone me, at work or at home, or telephone Lori Bauman to discuss, and try to resolve by agreement, the issues raised in this Motion.  A copy of both of my September 11, 2009, e-mails to plaintiff's counsel is attached to this Motion as Exhibit 8.  As of the afternoon of September 14, 2009, plaintiff's counsel did not respond to the e-mails.  As a result, the parties were unable to resolve their differences as to the issues raised in this Motion for Sanctions.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,


By:  /s/ James B. Davidson

James B. Davidson
Ater Wynne LLP
Co-counsel for Defendant
1331 NW Lovejoy St., Suite 900
Portland, OR 97209
PH: 503-226-1191
FX: 503-226-0079

732396/1/JBD/051931-0059

## <u>CERTICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 14th day of September, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Thomas A. Tucker Ronzetti
THOMAS A. TUCKER RONZETTI
FBN: 965723

732396/1/JBD/051931-0059

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
CASE NO. 09-80367-CIV-DIMITROULEAS
VITACOST.COM,
v.
OREGON FREEZE DRY, INC.

**SERVICE LIST**

Ira P. Kerker
5400 Broken Sound Blvd NW Suite 500
Boca Raton, FL 33487
PH: 561-982-4180
FX: 561-997-5467
Attorney for Plaintiff, Vitacost.com
Ira.Kerker@VITACOST.com

Tucker Ronzetti
Kozyak, Tropin, Throckmorton
2525 Ponce de Leon Blvd 9th Floor
Miami, FL 33134
PH: 305-377-0667
FX: 305-372-3508
Counsel for Defendant, Oregon Freeze Dry, Inc.
tr@kttlaw.com

**Pro Hac Vice for Defendant, Oregon Freeze Dry, Inc.**
Lori Irish Bauman
Ater Wynne LLP
1331 NW Lovejoy St., Suite 900
Portland, OR 97209
PH: 503-226-1191
FX: 503-226-0079
lib@aterwynne.com

James B. Davidson
Ater Wynne LLP
1331 NW Lovejoy St., Suite 900
Portland, OR 97209
PH: 503-226-1191
FX: 503-226-0079
jbd@aterwynne.com